IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRUCE M. VANN,               ) | |
|             ) | |
|     Petitioner,    ) | |
|             ) | |
| v.           ) | No. 1:19-cv-01059-STA-jay |
|             ) | |
| WARDEN KEVIN GENOVESE,  ) | |
|             ) | |
|     Respondent.   ) | |

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND
DIRECTING RESPONDENT TO FILE AN ANSWER TO THE PETITION**

Before the Court is Respondent Kevin Genovese's Motion to Dismiss the 28 U.S.C. § 2254 habeas corpus petition (the "Petition") as untimely. (ECF No. 11.) For the following reasons, the Court **DENIES** the motion without prejudice and **DIRECTS** Respondent to file an answer to the Petition. If necessary, the Court will revisit the timeliness issue when it reviews the answer and Petitioner's reply.

BACKGROUND

In December 2013, the Madison County, Tennessee grand jury returned an indictment charging Vann with three counts of rape of a child. (ECF No. 10-1 at at 6–9.) After a jury trial, he was convicted as charged and received an effective sentence of thirty-five years' imprisonment. (*Id.* at 84–86.) Petitioner took an unsuccessful direct appeal, *see State v. Vann*, No. W2014-02119-CCA-R3-CD, 2015 WL 5096355, at *1 (Tenn. Crim. App. Aug. 28, 2015),

and did not file an application for permission to appeal ("APA") with the Tennessee Supreme Court.[1]

On August 17, 2016, petitioner submitted a state post-conviction petition to prison authorities for mailing. (ECF No. 10-6 at 3–15.) The post-conviction trial court denied the petition, and the Tennessee Court of Criminal Appeals affirmed. *See Vann v. State*, No. W2017-02194-CCA-R3-PC, 2018 WL 4181707, at *1, 3 (Tenn. Crim. App. Aug. 30, 2018), *perm. appeal denied* (Tenn. Dec. 5, 2018). Vann filed an APA with the Tennessee Supreme Court, which was denied on December 5, 2018. (ECF No. 10-9.)

## DISCUSSION

Vann submitted his federal Petition to prison authorities on March 20, 2019.[2] (ECF No. 1 at 18.) In his memorandum in support of his motion to dismiss, Respondent argues that the Petition is untimely by thirty-four days. (ECF No. 11-1 at 4.) Petitioner filed a response to the motion, acknowledging that he filed the Petition after the limitations period expired. (ECF No. 13 at 2–3.) He asserts, however, that he is entitled to equitable tolling on the ground that his post-conviction appellate counsel failed to expeditiously inform him that the Tennessee Supreme Court had declined discretionary review in his post-conviction appeal, and that he exercised reasonable diligence in preserving his rights. (*Id.*) Respondent filed a reply, arguing that Petitioner is not entitled to equitable tolling. (ECF No. 15.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

---

[1] Vann filed a motion for an extension of time to file an application for permission to appeal under Tenn. R. App. P. 11, which was denied. (ECF No. 10-5 at 1.)

[2] *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings).

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).[3]

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Vann appealed his convictions to the Tennessee Court of Criminal Appeals, but he did not seek discretionary review before the Tennessee Supreme Court. His convictions thus became final on October 27, 2015, when the sixty-day period allowed for filing an application for discretionary review to the Tennessee Supreme Court expired. *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605,

---

[3] The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). Vann has not asserted such a claim.

3

609 (6th Cir. 2013) (a petitioner's conviction becomes final when the time for a direct appeal expires); Tenn. R. App. P. 11 ("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals[.]")

The federal limitations clock started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and ran for 294 days until it was paused when Vann filed his state post-conviction petition on August 17, 2016. *See* 28 U.S.C. § 2244(d)(2). The limitations period remained statutorily tolled until December 5, 2018, when the Tennessee Supreme Court denied Petitioner's APA. The clock resumed running the next day, December 6, 2018, and ran for 71 days, expiring on February 15, 2019. The federal Petition, which Vann declared was placed in the prison mailing system on March 20, 2020, is therefore untimely by thirty-three days.

In support of his assertion that he is entitled to equitable tolling, Petitioner submitted documents showing that he sent a letter to his attorney on February 4, 2019 (ECF No. 13-1 at 4), and a second letter on February 14, 2019 (*id.* at 5), inquiring into the status of the APA that counsel filed on his behalf on October 16, 2018. He also proffers a copy of a letter dated February 21, 2019, to the Circuit Court Clerk asking for a case update (ECF No. 13-1 at 1), as well as the clerk's written response, which was received on March 6th or 7th informing him that the APA had been denied (ECF No. 13-1 at 2-3; ECF No. 13 at 2). The final document is a copy of his attorney's response, received on March 13, 2019, confirming the denial of the APA.[4] (ECF No. 13-1 at 6, 18; ECF No. 13 at 2.)

---

[4] In his letter, counsel erroneously advised Petitioner that he had one-year from the date on which his APA was denied in which to file his federal petition. (ECF No. 13-1 at 6.) Vann clearly did not rely on counsel's advice, as he filed the Petition within two weeks of learning of the denial of his APA. And even if he had followed the erroneous advice, counsel's miscalculation of the limitations deadline "would not be a basis for tolling the statute of

In general, an attorney's "excusable neglect," such as a "miscalculation" of the federal limitations period, is not an extraordinary circumstance warranting equitable tolling. *Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015) (quoting *Lawrence,* 549 U.S. at 336–37, and *Holland v. Florida,* 560 U.S. 631, 651–52 (2010) (internal citations and quotation marks omitted)).  Nevertheless, the Sixth Circuit has held that "[b]oth ineffective assistance of counsel and 'a substantial, involuntary delay in learning about the status of [an] appeal[]' may constitute extraordinary circumstances sufficient to warrant relief." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011)).

A petitioner whose attorney did not expeditiously advise him of the disposition of his state court appeal must not "passively await decision," but is required to demonstrate that he exercised reasonable diligence to learn of the status of his case. *Robinson*, 424 F. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)).  Whether a petitioner was reasonably diligent turns, in large part, on the conditions he faced and the resources available to him. *See Jones v. Warden, Lebanon Corr. Inst.*, No. 2:13-CV-155, 2014 WL 907253, at *7 (S.D. Ohio Mar. 7, 2014), *report and recommendation adopted*, No. 2:13-CV-155, 2014 WL 1384061 (S.D. Ohio Apr. 9, 2014) (""[P]etitioners find themselves in different circumstances, and those circumstances dictate, to some extent, what they must do in order to be considered diligent.")  A relevant circumstance that may vary between individuals is the extent to which a prison allows inmates internet access to databases that provide the sought-after information. *Id.*

---

limitations." *Taylor v. Palmer*, 623 F. App's 783, 788 (6th Cir. 2015) (citing *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling.")).

Assuming counsel's failure to notify Vann sooner about the denial of his APA is an extraordinary circumstance, it is unclear, on the current record, whether Petitioner exercised reasonable diligence in learning of the disposition of his APA. On the one hand, Petitioner could, "for at least for some period of time, . . . reasonably rely on the lack of information [from his attorney] as an indication that nothing had happened in the state [Supreme] [C]ourt[.]" *Id.* As discussed, Vann's APA was filed on October 16, 2018. When he did not hear from his attorney by February 4, 2019, he contacted counsel by letter. He waited ten days to hear back from counsel before he mailed a second letter. One week later, having failed to receive a response from his attorney, he wrote to the clerk of court. He filed his Petition two weeks after receiving the clerk's response that his application had been denied. Those facts suggest that Petitioner exercised reasonable diligence in seeking to discover the status of his APA.

On the other hand, a document Vann attached to his Petition indicates that he may have been able to learn of the fate of his APA without assistance from counsel or the court clerk. The document is a copy of the Tennessee Court of Criminal Appeals' post-conviction decision, the first page of which contains the Westlaw editorial note that the "Application for Permission to Appeal [was] Denied by [the] Supreme Court [on] December 5, 2018." (ECF No. 1-1 at 1.) At the bottom of the attachment is the search date "3/19/2019," and a universal resource locator, or URL, suggesting that the search was obtained through the prison's Westlaw account.[5] (*Id.*) It therefore appears that Petitioner searched for and downloaded the opinion in preparation of his Petition, which was filed the next day. That information raises the question of whether he could

---

5 "https//nextcorrectional.westlaw.com/Document/Ic4c0d580adc311e8a2c8dcb28b5/V." (ECF No. 1-1 at 1.)

have conducted a Westlaw search to ascertain the status of his APA prior to the expiration of the limitations period on February 14, 2019.

Respondent did not make this argument, and there is not enough information in the record to resolve the issue. But even if it turns out that Petitioner had some access to Westlaw during the limitations period, the Court would consider it a close question whether "reasonable diligence" required him to do more than he did. Although the Court could order a limited expansion of the record or an evidentiary hearing to resolve the issue, *see* Habeas Rule 7,[6] a review of the merits of the Petition and other affirmative defenses may prove more expedient. *See McEwen v. Moore*, No. 2:15-CV-2963, 2016 WL 6963178, at *3 (S.D. Ohio Nov. 29, 2016), *report and recommendation adopted*, No. 2:15-CV-02963, 2017 WL 68088 (S.D. Ohio Jan. 6, 2017) (on the question whether petitioner exercised reasonable diligence by "writing multiple letters to [the state supreme] court . . . asking about the status of his appeal," court concluded that, "[r]ather than decide the close question or hold an evidentiary hearing to further develop the record . . . it would be a more expedient and efficient use of the [c]ourt's time and resources to directly address petitioner's claims for relief on the merits") (citation and internal quotation marks omitted).

Accordingly, the motion to dismiss is **DENIED** without prejudice. Respondent is **ORDERED** to file the remainder of the state court record and an answer to the Petition within twenty-eight days of entry of this order. For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject

---

[6] *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 7.

to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31. The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

**IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date: April 24, 2020.